IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE No. 1:11cv313
[Criminal Case No. 1:05cr226-1]

| | |
|---|---|
| **HENRY D. LYLES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. [Doc. 1].

Based upon the recent ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)[1], Petitioner argues that he does not have the necessary prior conviction to support his prosecution for a violation of 18 U.S.C. § 922(g)(1). While it is far from clear that Petitioner is entitled to any relief, after a review of the Motion and case file, the undersigned finds that the United States

---

[1] In Simmons, the Fourth Circuit held that the evaluation of whether a particular prior offense was a felony must focus on the maximum sentence for which the particular defendant was eligible, in light of his criminal history, rather than the maximum sentence that could have been imposed on a defendant with the worst possible criminal record.

Attorney should file an Answer detailing and responding to Petitioner's claim. Furthermore, the Court directs the Government to address the question of whether Petitioner's Motion was timely filed.

**IT IS, THEREFORE, ORDERED** that no later than forty (40) days from the filing of this Order, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate.

Signed: December 8, 2011

Martin Reidinger
United States District Judge