# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO.1:11-cv-00313-MR
# [Criminal Case No. 1:05-cr-00226-MR-DLH-1]

| | |
|---|---|
| HENRY D. LYLES, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Petitioner's Motion under 28 U.S.C. § 2255 on the ground that Petitioner has not signed the Motion under penalty of perjury. [Doc. 5].

The Petitioner did not sign his original Motion under penalty of perjury, or even sign it all for that matter. [Doc. 1]. Following his receipt of the Government's Motion to Dismiss, Petitioner filed an amended Motion in an effort to correct his error; however, upon review the Court found that the amended Motion still failed to substantially conform to the requirements of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings which requires that the Section 2255 motion be signed under penalty of perjury by the movant. [Doc. 6]. Petitioner's amended petition states that it is under

oath but it does not demonstrate his understanding that the petition must be signed with the acknowledgment that his signature is given "under penalty of perjury." [Id. at 15]. See Rule 2(b)(5), Rules Governing Section 2255 Proceedings. Moreover, Petitioner has provided no evidence that his signature was witnessed by a notary public or other official qualified to administer oaths, and therefore, his statement that he has signed the amended petition under oath is therefore unsupported by evidence. It is simply not sufficient for Petitioner to declare that he is under oath.

On May 4, 2012, the Court entered an Order wherein it was explained to Petitioner that in order for the Court to properly consider his Section 2255 Motion, Petitioner must provide an amended petition which includes the language which acknowledges that his signature on the amended petition is given "under penalty of perjury" or Petitioner must sign the amended petition in front of a duly qualified notary public or other official qualified to administer oaths. The Petitioner was clearly informed that the failure to provide the sworn declaration within 20 days from service of the Order would result in dismissal of Petitioner's Section 2255 Motion. [Doc. 8].

The Court has reviewed the Docket Entries in this case and finds that despite ample time to comply with the Court's Order, the Petitioner has filed

2

no such amended petition which conforms to the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings, nor has Petitioner applied to this Court for an extension of time to respond according to the requirements of Rule 2. For that reason, Petitioner's motion must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 5] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to conform to the

mandatory requirements of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: July 5, 2013

Martin Reidinger
United States District Judge